Hear you, hear you, hear you. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Thank you, Mr. Rodson. Good morning to everyone. We're delighted to be with you. We had hoped, of course, to be together in person by January of 2021, and it was not to be. But this has been working pretty well, and I'm delighted this week to be with my colleagues. For so many years, we didn't sit with three active judges on these panels, and it's great when we can do that. So it's wonderful to be with Judge Newsom and Judge Branch this week. I am assuming that our counsel is familiar with our traffic light system. When the red light comes on, if you could finalize your argument, I'd be appreciative. With that, I think we're ready for the first case. So I'll call the case of Andy Johnson v. Dexter White and Mr. Whitley. Good morning, Your Honor. Good morning. Dexter Whitley, on behalf of the appellate, Andy Johnson, may it please the court. Appellate respectfully requests that this court reverse the district court's grant of summary judgment and remand this case for further adjudication. Your Honors, the case now before you is about the remedies available to persons in federal custody who are sexually assaulted and sexually battered by corrections officers or other federal employees. The issue at the center of this case is whether sexual assault and sexual battery satisfy the physical injury requirement of the Federal Tort Claims Act. Mr. Whitley, this is Judge Newsom. Can I ask you a question just to kind of get us all focused? You don't, as I understand, allege what I'll call like an actual factual evidentiary physical injury. I think your position is that sexual assault or battery sort of per se results in physical injury. Is that correct? That's correct, Your Honor. Our position is that sexual assault and sexual battery, as defined by the underlying state statutes, are physical injuries as a matter of law, Your Honor. So, I mean, I guess one trick is, and you may be halfway to an answer here, but I guess I was thinking it's difficult that the Federal Tort Claims Act doesn't define those terms, sexual assault and sexual battery, in the same way that it does sexual contact on the one hand, sexual act on the other hand. Right, that's correct, Your Honor. There is no definition for physical injury. Courts have interpreted physical injury to be an injury that is more than de minimis. The appellate's position is that sexual assault and sexual batteries are more than de minimis in all cases. The acts that are enumerated as sexual contact were placed there by Congress in an effort to further clarify the situations under which the United States will waive its sovereign immunity, regardless of whether or not there is a specifically defined state tort act that may or may not directly speak to those acts in their own statutory construction, Your Honor. But so, just so I understand, we are, I guess you in sexual contact land, not sexual act land, sexual act land being that subcategory, we'll just say more serious conduct that Congress explicitly incorporated alongside the physical injury, correct? Right, yes. The injury suffered by Mr. Johnson would fall under one of the enumerated acts under sexual contact, but our position is that those acts as inflicted upon Mr. Johnson by the federal correction officers rise to the level of a sexual assault and therefore are, as you said, Your Honor, per se physical injuries. So, I'm going to ask one more question then I'm going to let you go and I'm going to let my colleagues ask their questions, but just while I'm on the topic. So, here is a difficulty, I just want to put my cards on the table for you, a difficulty that I have with your position is that if you assume that sexual contact, which is where we are here, is per se physical injury or per se gives rise to physical injury, then surely a sexual act, which is more serious, likewise would per se give rise to physical injury. And now you have a statute that seems to me redundant because it refers to physical injury or sexual act. But if sexual contact is physical injury, sexual act is physical injury, and so now to say physical injury or sexual act really doesn't make sense anymore. Right, yes, Your Honor, so sexual acts that are, the types of acts that are statutorily defined as sexual contact may not in all cases arise to the level of a sexual assault as statutorily defined by the such injury, such acts would be sexual assaults and therefore would be physical injuries. So, there is no redundancy necessarily in the statute because there are situations where a state statute may not permit, excuse me, there may be circumstances where a state tort statute may not necessarily define those sexual contact acts as a sexual assault, but there would still be an underlying tort that would support the physical injury, an underlying sexual assault that would support the physical injury requirement. Congress wanted to make clear that these four acts as enumerated as sexual acts would always allow a federal torts claim act to go forward. So, that is the addition, so that the purpose of the 2013 Violence Against Women Act amendments was to expand federal liability under the FTCA, not restrict it. Sorry, can you hear me? I'm sorry. Sorry, I was just asking one of my law clerks a question. I'm sorry, don't mind me, so sorry. No, no worries. Now, if I may continue, the district court erred in granting judgment, summary judgment against Mr. Johnson on a basis that he did not suffer a physical injury as required by 28 U.S.C. 1346-2. The district court erred because sexual assault and battery are physical injuries that inflict greater than de minimis harm and the 2013 amendments to the VAWA Act did not curtail relief for sexual assault and sexual battery under the FTCA. Any interpretation of the statute that does not interpret physical injury to encompass sexual assault and sexual battery leads to an absurd, excuse me, absurd result that is counter to Congress's express content, which can be found in the legislative history of the 2013 VAWA amendments. Mr. Whitley, if we were to agree with you and your argument that sexual contact sometimes can be physical injury, aren't you then constrained by the fact that we have court rulings that say physical injury has to be more than de minimis? Well, no, Your Honor, no, I don't believe that is the case. If we look at the facts of Mr. Johnson, the facts of the acts that were inflicted upon Mr. Johnson, what happened to him rises to the level of sexual assault and sexual battery under Georgia law. And therefore, those acts are in and of themselves more than de minimis. The only federal appellate courts to address this issue directly both found that sexual assaults and sexual batteries are per se physical injuries due to the very nature, the heinous nature of the acts themselves, that there cannot be a non-de minimis sexual assault or sexual battery, especially in the context of a person held in federal custody and upon whom such assaults were inflicted upon by federal employees. Let me ask you a quick question just to pick up on Judge Branch's question. Aren't we those sort of mixing categories here? I guess I take your point that there's no such thing as a de minimis sexual assault or battery, but the question is whether there is a de minimis, such a thing as a de minimis injury. And it seems like to me that the assault or the battery is the act, and the injury is the result of the act. So is it, I mean, could you have, this is so sensitive and so gross, I hate to even sort of discuss it. I don't want anybody to think I'm being callous about it, but would there be such a thing as a sexual assault that nonetheless didn't give rise to a non-de minimis physical injury? Something like wildly inappropriate, but nonetheless not injurious in a physical sense. Well, your honor, I would say that that should not be the case. I feel that the government should not allow any act that is an affront to a person's dignity to go unpunished. And that is exactly, under the government's position, there is no remedy for what would happen to said person under the law. As we put forth in our briefings, we initially pled a Bivens action that was dismissed on partial summary judgment. And part of the government's argument is that we also pled a federal torts claim as alternative remedy, which made the Bivens claims unnecessary. Now at summary judgment, they are, the government's position is that our which leaves Mr. Johnson with no remedy at all. Were he held in a state, federal, excuse me, where he's held in a state facility, he would have at least constitutional remedies under section 1983. Here he has no remedy at all, which is an absurd result that runs counter to Congress's intention when it amended the Davao Act in 2013. Well, so let me just sort of push you on that a little bit. I mean, it seems to me that when Congress amended the statute, it brought over by cross-reference or incorporation part of, I don't remember the statutory number now, like 2246 sub three or something, the sexual act piece of the legislation. But it didn't bring over the adjacent provision defining sexual conduct, which is where we all agree sort of this act is. So that may seem like a bad choice. Perhaps Congress should have incorporated both subsections so that the statute captures both sexual acts, more serious sexual acts and less serious sexual contact. But it didn't. It seems like, you know, maybe that was a result of compromise. Maybe it was a result of oversight. Maybe it was stupid, but it just seems like that's sort of what Congress did. Yes, Your Honor, I'm on its face that that is true. However, I would also point in that very same statute, 18 U.S.C. section 2246, I will point the court to subsection four, which defines serious bodily injury. Under no construction would we consider the acts defined as serious bodily would not fall under a physical injury. Yet Congress did not also chose not to incorporate serious bodily injury and to section 1346 B2. So I don't think we can definitively say that the definitively say that the exclusion of the sexual contact language necessarily means that Congress sought to overturn the reasoning and the cases from the Second Circuit and the Minor v. Gord and Cowley v. Leonard that established the judicial interpretation of physical injury to include sexual assault and sexual battery. Mr. Whitley, can I, I'm sorry, I'm just curious, is your client still in the United States or? No, Your Honor, he is, he's originally a citizen of the Bahamas and he was, he was deported after his sentence was, was over. I'm sorry, I'm just curious. Well, I, I think it's terrible what happened to him and, and I'm sorry about that. I mean, I, I'm just so you can hear it from me. I, I think there is a statutory problem with this. I mean, you, and, and I, I don't know, you know, I don't know what to do about that, but I wanted you to know I was concerned about that. The, the, you, you say, I think you made some reference to defining the term sexual act under Georgia law. Is that what you? No, Your Honor, my time is running low, but I would answer your question. So not the term being but the underlying tort. In order to bring a torts claim back, FDCA cause of action, there must be an underlying state-based tort to uphold the action going forward. And our position is that the, the state-based tort that we pled was OCGA 51-1-13 and OCGA 51-1-14, which are the causes of action for physical injury by the way. So the very underlying state-based torts includes the term physical injury and they correspond to the sexual assault that Mr. Johnson suffered while he was in federal custody. All right. Thank you. You've saved your time for rebuttal. So we'll now hear from William McNeil. Good morning, Your Honors. May it please the court, Taylor McNeil for the United States. This is a case about sovereign immunity and it hinges on a question of statutory interpretation. I'd like to start where this court has said all questions of statutory interpretation should start and that's with the plain language of the statute. The question presented here is whether under the current version of the FTCA post 2013 amendment, any sexual assault automatically qualifies as a physical injury. Mr. Johnson has argued that it does because he contends the purpose of the 2013 amendments was to expand the United States liability to cover all sexual assaults. But this court has said that we don't get to legislative history unless the statute is amended. The context of section 1346 B2 is clear and unambiguous because Mr. Johnson did not suffer a physical injury. He was required to show conduct that rose to the level of a sexual act as that term is defined in 18 U.S.C. 2246. But he failed to do so. Returning to the language of the statute, if Congress had intended to expand the United States liability to cover all sexual assaults, wouldn't have used the language that it did. It wouldn't have specifically cross referenced the definition of sexual act in section 2246 when it could have used a broader term like sexual assault or as Judge Newsom said earlier, sexual contact. This court... Mr. McNeil, I guess one of the things that Mr. Johnson is saying that, you know, just feels unfair about all this is at the outset when he asserted a Bivens claim, the government made the argument, well, when he makes a Federal Tort Claims Act claim, you say he can't do that either. I mean, I know like it used to be in the Northern District of Georgia and now it's in... Are you in the Northern or the Middle? Your Honor, I'm in the Middle. After the motion to dismiss had been briefed, the Northern District encountered a conflict of interest that required them to refuse from the case and that's when our office stepped in. Okay, but I mean the government did change its that we didn't necessarily change our position. At the motion to dismiss stage, Mr. Johnson had pled in his complaint, Doc 71 paragraphs 34, 38, and 54 that he suffered a physical injury. At the motion to dismiss stage, those allegations had to be accepted as truth. You know, we could not have made this argument at that time as a result or if we had because those allegations had to be accepted, the argument would have been rejected. It was only after we deposed Mr. Johnson remotely when he was in the Bahamas and after he responded to written discovery that it became apparent to our office, who again, we did not handle the motion to dismiss, but we did come in after that. That was when it became apparent that we had this argument that his FTCA claim was also barred because of his admission during his deposition that he did not suffer a factual physical injury. You know, maybe you know this, but we see so many of these cases where prisoners are abused in prisons. It's a problem and it's just hard for me to believe that Congress intended to protect or carve out an exception from liability for people, for guards that sexually assault people but don't penetrate them. I mean, it's a difficult argument, I think, for the government to defend, but I mean, your honor, if I may, I mean, I understand the concern and like Judge Newsom again said earlier, we're not, don't want to come across as minimizing what Mr. Johnson said happened here or all sexual assaults in general, but I think one way to distinguish the concerns your honor has raised is that a difference here is that we're operating under the FTCA and we're dealing with a question of sovereign immunity and, you know, our office. I'm just curious, do you know of any other court that's, you know, made this ruling, any other circuit court that sexual assault falls outside of the definition of physical injury so long as there's no penetration of an orifice? I'm not aware of any circuit courts to have ruled that way, your honor. Yeah, I kind of am not looking forward to having the honor of being the first, but anyway. I understand, your honor, and I will address again, we don't know why Congress drafted the statute the way that it did, and I think that's a reason to stick to the plain language of the statute, but I do think there's a good reason for the statute being drafted the way it is, and that's because we have to remember that we're, this provision is limited to the prison context, and federal prisons are highly regulated and highly secure. Well, I mean, not apparently for Mr. Johnson. Sure, your honor, but routine searches, I know that's not what we're dealing with here. Searches do occur in the ordinary course of prison management, and I think Congress likely recognized that we can't have lawsuits being filed every time a prisoner is searched, and had to draw a line with regard to what type of conduct could support a claim under the FTCA, and Congress drew that line here, and to the extent, you know, placement of that line is revisited, I think it should be Congress that does so. Can I ask you a question? If the statute hadn't been amended, am I coming through okay? I'm getting a note on my thing that says your internet connection is unstable. I hope it's not too unstable enough to make me red as a beet, but hopefully not for my question to come through. So, but if the statute had not been amended, are you saying that, for instance, if a prisoner was drugged, and then a guard had intercourse with that prisoner, not violently, but certainly not consensually, that that wouldn't meet the physical injury requirements, setting aside the amendment that brings sexual act into the mix, but, I mean, that's a pretty tough pill to swallow. It is, your honor, I agree with you, and I would say that I don't know if this would be the case in that hypothetical scenario, but that it's important to distinguish between mental emotional injuries, which is what these exceptions to the PLRA and FTCA are meant to cover, and physical injuries, and I think Mr. Johnson's argument conflates physical injury with physical contact, and sure, the conduct. I guess my point is that pre-amendment, you know, I guess just to sort of be blunt about it, ordinarily, sexual intercourse doesn't, shouldn't leave a physical injury, but if, you know, if an inmate were drugged, and so that he or she was unconscious, and a guard had sex with that inmate without causing, you know, bruising, or scratching, or tearing, or whatever, I think your position pre-amendment would be that that nonetheless was not physical injury, because there was no kind of visible, tangible manifestation. Your honor, I think you could take our argument here today, and apply it to that situation. I think you're right, but I guess your position is I don't have to be so strident, because in 2013, Congress amended the statute in a way that makes my position clearer. I mean, I guess the real question is whether you think the Second and Seventh Circuits were right pre-amendment in deciding the cases that they did. Doesn't really control here, but just sort of testing the limits of your position. Sure, your honor. I do think there are a couple ways to distinguish, putting aside the 2013 amendment changing the ballgame a little bit, it's not really clear what the conduct at issue was in the Second Circuit case from 1999, versus Gord. But the Eighth Circuit case, Kale versus Leonard, did involve oral sex, and I guess this gets to your honor's hypothetical, but you know, if that case was decided under the current statute, the court there would not have needed to travel down the path that it did, and find that the conduct amounted to a physical injury, because it could have resolved the question by concluding that it satisfied the definition of a sexual act. And so, I don't know that, again, putting aside that we don't think they're applicable because of the significant amendment in 2013, I don't think Kale versus Leonard is really addressing the precise question that we're dealing with here, because of the conduct at issue. You know, a couple of other ways in which I don't think those cases are necessarily applicable here, all of the cases that Mr. Johnson has cited, the Second Circuit case, the Eighth Circuit case, and the two or three district court cases, dealt with cases by individuals against individual officers. And I think that's at least noteworthy, if not important, because the courts there were not addressing a question of sovereign immunity, and they were not required to resolve any questions or ambiguities with regard to the United States entitlement to sovereign immunity in favor of a president mandates that we do here. How would you address Mr. Whitley's argument that with the 2013 amendment, Congress made very clear physical injury or sexual act, but then when it included the definition of sexual contact, the reason that that wasn't included sort of in the prohibition was that it wasn't going to be every circumstance of sexual contact, but that you would still look to state law to see if indeed there was physical injury and then sort of travel under the old provision. Your Honor, I don't think that we should be looking at what the underlying state law is. A point that was made, I believe in Mr. Johnson's brief, I don't know if it was and sexual battery. That's not a separate court under Georgia law. And so were we to go to a jury here, I think we would be using the simple assault and simple battery statutes. And a simple assault could include verbal conduct, strictly verbal conduct. And so I don't know that causes someone to apprehend an injury. And I don't know that we can look at those definitions and conclude that they usurp the need for him to show a physical injury under the Federal Tort Claims Act, which again is a federal statute that has been referred to by this court as a limitation on conduct arising to the level of a sexual act. The limitation applies. If there are no further questions, we ask the court to affirm the judgment of the district court. Thank you. Mr. Whitley. I'm here. My apologies. I'd like to address a couple of points that McNeil made. The first of which is that the factual record here at summary judgment is exactly the same as it was when Mr. Johnson filed his initial complaint. His initial complaint, which I will remind the court was filed as a pro se litigate. He alleged a sexual assault in his very first pro se complaint. Also, Mr. Johnson never admitted in his deposition testimony that he did not suffer a physical injury. What happened during the deposition is that Mr. McNeil asked him, did he report a physical injury to the two physicians that he saw following the sexual assault? And Mr. Johnson replied, not to my knowledge. He never stated that I did not suffer a sexual assault per se. He did not suffer a sexual assault. And again, to the government's point about line drawing, appellate's position is that the line should be drawn by the underlying state statute whether or not the injury or the act that was inflicted rises to the level of a sexual assault, sexual battery, and therefore physical injury. And again, to Mr. McNeil's point, the physical injury and sexual act requirements of 1346B2 are threshold inquiries and are, as he said, limits on damages. Once the threshold has been surpassed, the plaintiff is then eligible to receive the damages. And to his point about the Second Circuit, excuse me, the Eighth Circuit case, Cali, in that case, there were three separate incidents of sexual assault, only one of which included the oral assault that Mr. McNeil mentioned. And the court did not specify that it was, that it bases ruling upon that one particular incident, but instead it bases ruling on the combined three sexual assaults that occurred. And with that, your honors, we respectfully request that you overturn the District Court's granted sovereign judgment and remand this case below for further adjudication. Thank you. Thank you. Mr. Whitley, I think the court asked you to represent Mr. Johnson. Am I right about that? Yes, yes, your honor. We were appointed. We really appreciate your help with the case and, you know, thank you. You did a good job for Mr. Johnson. Mr. McNeil, you did a good job too. All right, we will take the case under advisement.